UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLYN JOHNSON,

     Plaintiff,

v.                                CASE No. 8:99-CV-373-T-27TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.

_____

REPORT AND RECOMMENDATION

     This cause came on for consideration upon the plaintiff's Petition for Attorney's Fees (Doc. 19-1), the defendant's response (Doc. 21) and the plaintiff's reply thereto (Doc. 25).   Having considered the application, the defendant's objection, and the pertinent factors regarding an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), I recommend that the plaintiff's counsel be awarded $1,687.50 in attorneys' fees to be paid by the defendant.

     The applicant and another attorney of his firm represented the plaintiff in this action seeking review of a denial of Social Security Disability benefits and supplemental security income payments.   Upon the defendant's request (Doc. 13), the matter was remanded under Sentence 6 of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. 405(g) and 1383(c)(3), to the Social Security Administration by order of this court dated September 22, 1999 (Doc. 14).   On August 10, 2005, the

defendant filed a motion for an order affirming the Commissioner's decision and for the entry of judgment for the plaintiff (Doc. 16). Thereafter, on August 17, 2005, the motion was granted (Doc. 17). Judgment was therefore entered in favor of the plaintiff on August 18, 2005 (Doc. 18). The plaintiff then filed this application for fees under the EAJA.

The EAJA requires a court to award an attorney's fee to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorneys' fees in the amount of $1,687.50, representing 13.50 hours of service before the court at an hourly rate of $125.00 (Doc. 19-1).

The defendant has filed a response objecting to the plaintiff's request for attorneys' fees (Doc. 21). The defendant contends that the plaintiff is not a prevailing party and that she never secured a judgment on the merits in this case (id.). The defendant is mistaken. Judgment was entered in favor of the plaintiff on August 18, 2005 (Doc. 18). There is no question that the plaintiff is a prevailing party. Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 603 (2001) ("a 'prevailing party' is one who has been awarded some relief by the court"). Consequently, the plaintiff is entitled to

an award of an attorneys' fee.

Further, the claim of hours for services performed in this case appears reasonable.  Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the defendant has not challenged the requested hourly rate of $125.00.  Moreover, the rate of $125.00 per hour is the rate that has typically been applied in these cases, and is expressly authorized by 28 U.S.C. 2412(d)(2)(A)(ii).

I therefore recommend an award of $1,687.50 in attorneys' fees to be paid by the defendant pursuant to the EAJA.

Respectfully submitted,

_May 5, 2006_                   _____
                                      THOMAS G. WILSON
                                UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the recommendations in this report within 10 days shall bar a party from attacking the recommendations.  28 U.S.C. 636(b)(1).

3